# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. **3:17-CR-568-L** |
| | § | |
| JUAN GONZALEZ | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Juan Gonzalez's ("Defendant") Motion to Quash Violations (Doc. 18); Motion to Discover Evidence Favorable to Defendant (Doc. 19); Second Request for Specific Discovery (Doc. 20); Motion in Limine: Other Crimes, Wrongs, Acts (Doc. 21); Motion to Suppress (Doc. 22); and Motion for a Witness List (Doc. 25), each filed on April 30, 2020. After careful consideration of the Motions, response,[1] and applicable law, the court **denies** all of the aforementioned motions for the reasons discussed below.

I.  **Procedural and Background History**

On October 22, 2008, Defendant was sentenced in the Eastern District of Texas to 168 months' custody and a five-year term of supervised release for: (1) Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846, a Class A felony; and (2) Conspiracy to Possess with Intent to Distribute Marijuana, also in violation of 21 U.S.C. § 846, a Class B felony. His term of imprisonment was reduced to 100 months on October 9, 2009. On August 14, 2015, Defendant's supervised release commenced. Jurisdiction was transferred to this court on November 2, 2017.

On September 6, 2019, Defendant's probation officer filed a Petition for Offender Under Supervision ("Petition") (Doc. 3), citing multiple alleged violations of Defendant's conditions of

---

[1] The Government filed a single response to address all of Defendant's pending motions. Doc. 32.

supervised release. An Addendum to Petition for Offender Under Supervision (Doc. 5) was filed on March 2, 2020, citing additional information related to Defendant's alleged violations of conditions of supervised release. His revocation hearing is scheduled for August 5, 2020.

## II.     Defendant's Pending Motions

### A.     Motion to Quash Violations

Defendant seeks to quash allegations presented in Sections I and III of the Petition and Section V of the Addendum.[2] Section I of the Petition notes that Defendant allegedly violated a mandatory condition of his supervised release by committing another federal, state, or local crime. Specifically, the Petition references Defendant's August 18, 2019 arrest in Dallas County for the following:

(1) Evading Arrest Detention, a Class A Misdemeanor, in violation of Texas Penal Code § 38.04(b);

(2) Possession of Marijuana < 2oz, a Class B Misdemeanor, in violation of Texas Health and Safety Code § 481.121(b)(1);

(3) Possession of CS PG 2>=4G<400G, a 2nd Degree Felony, in violation of Texas Health and Safety Code § 481.116(d);

(4) Theft of Firearm, a State Jail Felony, in violation of Texas Penal Code § 31.03(e)(4)(C);

(5) Unlawfully Carrying Weapon, a Class A Misdemeanor, in violation of Texas Penal Code § 46.02(b);

(6) Manufacture Delivery CS PG 3/4>=200G<400G, a 1st Degree Felony, in violation of Texas Health and Safety Code § 481.114(d); and

(7) Manufacture Delivery CS PG 1>=4G<200G, a 1st Degree Felony, in violation of Texas Health and Safety Code § 481.112(d)

---

[2] Defendant does not explicitly state that he seeks to quash the allegations presented in Section V of the Addendum. The court, however, reasonably infers that he seeks to quash the allegations in that section, as he refers to the pending state charges in Hunt County, which were not presented to the court until the Addendum was filed.

**Memorandum Opinion and Order – Page 2**

According to the Addendum, the only charges remaining in Dallas County include: (1) Manufacture Delivery CS PG 1>=4G<200G, a 1st Degree Felony, in violation of Texas Health and Safety Code § 481.112(d) (Case No. F-1949421); (2) Unlawfully Carrying Weapon, a Class A Misdemeanor, in violation of Texas Penal Code § 46.02(b) (Case No. M-1949694); and (3) Evading Arrest Detention, a Class A Misdemeanor, in violation of Texas Penal Code § 38.04(b) (Case No. M-1949692).

In Section V of the Addendum, Defendant's probation officer also adds an alleged violation for committing a federal, state, or local crime related to Defendant's November 26, 2019 arrest in Hunt County for: (1) Evading Arrest with a Vehicle, a 3rd Degree Felony, in violation of Texas Penal Code § 38.04(b)(2)(A); and (2) Possession of Marijuana < 2 oz., a Class B Misdemeanor, in violation of Texas Health and Safety Code § 481.121(b)(1). Both charges remain pending in state court.

Section III of the Petition alleges that Defendant violated Standard Condition No. 7 by using and possessing marijuana on or about April 2017, which was confirmed by a positive drug test and Defendant's verbal and written admission.

With regard to the allegations in Section I of the Petition and Section V of the Addendum, Defendant contends that these allegations should be quashed "under the grounds of due process," as he has not yet been convicted of any of the pending state charges alleged in the documents. Def.'s Mot. to Quash 1-2. He cites no authority in support of his position.

With regard to the allegations in Section III of the Petition, Defendant seeks to quash the allegations "under the grounds of double jeopardy." Def.'s Mot. to Quash 2. Specifically, he asserts that double jeopardy applies because, as a consequence of his April 2017 drug use, he was placed in substance abuse treatment at Phoenix Associates Counseling Services ("PACS") and

referred to a Code-A-Phone system for random urine collection. He successfully completed both programs on October 1, 2017, and January 31, 2019, respectively. *Id.* at 2. Thus, Defendant asserts that he has already received and completed his punishment for the allegations of drug use presented and revoking his supervised release on this basis would be punishing him for the same violation. Accordingly, Defendant contends that using the violation of Standard Condition No. 7 in consideration of his revocation is double jeopardy and, therefore, should be stricken from the Petition.

For the reasons asserted, Defendant contends that the court should quash the allegations provided in Sections I and III of the Petition, and Section V of the Addendum. Generally, and notwithstanding the court's ruling on his Motion to Quash, Defendant also denies all allegations set forth in the Petition and Addendum.

In the Government's Response (Doc. 32), it asserts that Defendant's Motion to Quash should be denied because his arguments contravene Fifth Circuit precedent. Also, the Government notes that it construes Defendant's Motion to Quash as a motion to dismiss certain allegations. Taking this view, it contends that Defendant's argument on this issue is conclusory and "devoid of any legal citation or other support." Gov't's Resp. 6. Specifically, the Government asserts that Defendant fails to explain "how it violates his due process rights to be subject to revocation of his supervised release" when the Government intends to prove at the hearing, by a preponderance of evidence, that he committed the alleged offenses. *Id.* at 6. Moreover, it contends that it is not required to wait for the disposition of the state cases before commencing revocation proceedings and cites *United States v. Garza*, 484 F.2d 88, 89 (5th Cir. 1973), in support of that proposition.

The Government further asserts that Defendant's due process argument lacks merit, as the Fifth Circuit has rejected this argument in *United States v. Lenoir* and stated that a district court

"may revoke a term of supervised release upon finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release." 673 F. App'x 444, 445 (5th Cir. 2017) (citing 18 U.S.C. § 3583(e)).

Additionally, the Government asserts that Defendant's double jeopardy argument fails, as it does not apply to parole and probation revocation hearings. Gov't's Resp. 7 (citing *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. Unit B June 29, 1981)). It also cites *United States v. Bubenik*, in which the court rejected a defendant's argument that his revocation for a positive drug test violated double jeopardy because he had already spent time in a treatment center as a consequence. No. 99-40153, 1999 WL 767257, at *1-2 (5th Cir. Sept. 8, 1999). In *Bubenik*, the Fifth Circuit reiterated that the Double Jeopardy Clause does not apply to probation-revocation proceedings. *Id.* at *2 (citing *Whitney*, 649 F.2d at 298). The Government notes that Defendant provides no case authority to the contrary, and, thus, the court should deny his Motion to Quash on this basis as well.

The court agrees with the Government's position. First, with respect to Defendant's due process claim, it is well-established law that a "district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that Defendant violated a condition of supervised release." *United States v. Hughes*, 683 F. App'x 324, 325 (5th Cir. 2017) (citing 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005)). Defendant cites no authority or case law to the contrary. Moreover, Defendant's argument that no conviction in the state cases forecloses revocation of his supervised released based on the related-allegations suggests that the Government must meet the heightened burden proof required for criminal convictions. This heightened standard, however, does not apply to revocation proceedings. Accordingly, Defendant's argument is without merit. The court, therefore, will deny Defendant's

Motion to Quash, as it relates to the allegations in Section I of the Petition and Section V of the Addendum.

Second, with respect to Defendant's double jeopardy argument, Defendant again ignores well-established Fifth Circuit law on this issue. As the Government notes, the Double Jeopardy Clause plays no role in revocation proceedings, as the imposition of a sentence for the revocation of supervised release "is considered to be part of the penalty for the original sentence." *United States v. Carter*, 428 F. App'x 483, 485 (5th Cir. 2011) (citations omitted). Further, the allegations of drug use in Section III are not the sole basis for possible revocation, and the court will consider all allegations presented in the Petition and Addendum when determining whether revocation is warranted. The court, therefore, **rejects** Defendant's double jeopardy argument and will deny Defendant's Motion to Quash on this basis as well.

For the reasons above stated, the court determines that Defendant has failed to present meritorious arguments supporting his request to quash the allegations in the Petition and Addendum. Additionally, the court sees no reason to quash or dismiss the allegations when the Government has the opportunity at the hearing to show, by a preponderance of the evidence, that Defendant committed the alleged violations presented in the revocation documents. The court, therefore, **denies** Defendant's Motion to Quash (Doc. 18).

The court notes that Defendant also denies "each and every allegation and requests that the Government prove each and every allegation." Def.'s Mot. to Quash 3. The court construes this statement as Defendant's intent to plead not true to all allegations presented in the Petition and Addendum. Accordingly, the Government is to be prepared to present evidence during the revocation hearing concerning these allegations.

### B. Motions for Discovery

Defendant has filed three separate motions seeking discovery for his revocation hearing: (1) Motion to Discover Evidence Favorable to Defendant ("First Discovery Motion") (Doc. 19); (2) Second Request for Specific Discovery ("Second Discovery Motion") (Doc. 20); and (3) Motion for a Witness List ("Third Discovery Motion") (Doc. 25) (collectively, "Discovery Motions"). In the First Discovery Motion, Defendant seeks a court order under the Sixth Amendment of the United States Constitution, directing the Government to provide "all evidence that is favorable to the Defendant or that will tend to exculpate the Defendant from the violations against [him]." Def.'s First Mot. 1. He cites *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and *Jencks v. United States*, 353 U.S. 657 (1957), in support of his discovery requests. *See id.* at 1-3. Defendant also asserts that the evidence sought cannot be discovered under the Federal Rules of Criminal Procedure and, that he cannot, by reasonable diligence, otherwise obtain such evidence absent a court order.

In Defendant's Second Discovery Motion (Doc. 20), he requests a court order under Rules 16 and 32.1(b)(2) of the Federal Rules of Criminal Procedure, directing the Government to provide "discovery items necessary for counsel [of] the Defendant to prepare for trial of this matter." Def.'s Second Mot. 1. In his Third Discovery Motion (Doc. 25), Defendant requests an order, under the Fifth and Sixth Amendments to the United States Constitution and Rule 16.1(b) of the Local Rules for the Northern District of Texas, directing the Government to provide him a witness list. Specifically, Defendant asserts that providing witness information in advance of the revocation hearing will allow him to adequately prepare for the hearing and avoid requests for delay. He further asserts that his rights under the Fifth and Sixth Amendments would be violated without such discovery. Notably, the Certificates of Conference for each Discovery Motion state that the

Government "will comply with its obligations in a supervised-released setting[] but [is] opposed to anything beyond that," absent court order. *See* Docs. 19 at 3; 20 at 3; & 25 at 3.

In response to the Discovery Motions, the Government contends that the court should deny them, as they are boilerplate motions that seek discovery beyond materials Defendant is entitled to at a revocation hearing. The Government acknowledges that some of Defendant's discovery requests are within the confines of the rules but asserts that he largely seeks materials that are applicable only in a trial setting. It specifically notes that Rule 32.1 limits the scope of information that Defendant is entitled to receive for a revocation hearing to the following:

> (A)  written notice of the alleged violation;
> (B)  disclosure of the evidence against the person;
> (C)  an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;
> (D)  notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and
> (E)  an opportunity to make a statement and present any information in mitigation.

Fed. R. Crim. P. 32.1(b)(2)(A)-(E). The Government further notes that the same rule provides that Federal Rule of Criminal Procedure 26.2(a)-(d) and (f) applies in a supervised-release revocation hearing, as it relates to witness statements. Fed. R. Crim. P. 32.1(e). Thus, the Government asserts that these rules provide the parameters for what Defendant is entitled to for his revocation hearing.

In direct response to Defendant's discovery requests pursuant to *Brady*, *Jencks*, *Giglio*, and Rule 16 of the Federal Rules of Criminal Procedure, the Government asserts that Defendant, without citing any authority in support, is treating a supervised release hearing like a trial, when those cases and statutes are intended to protect a defendant's rights at trial. It further contends that "Supreme Court and Fifth Circuit precedent make plain that defendant's rights in a supervised-release revocation setting are not nearly as broad as his rights at trial." Gov't's Resp. 4. Specifically, it highlights that the Fifth Circuit in *United States v. Williams* stated that "[b]ecause

a revocation hearing is not a criminal prosecution, 'the full panoply of rights due a defendant in such a proceeding does not apply.'" *Id.* (citing 847 F.3d 251, 253 (5th Cir. 2017) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). Moreover, it contends that "the rules of evidence are not applied mandatorily." Gov't's Resp. 5 (quoting *United States v. Grandland*, 71 F.3d 507, 509 (5th Cir. 1995)) (internal quotations omitted). Based on this precedent, the Government asserts that Defendant has failed to demonstrate his entitlement to trial-related discovery for his revocation hearing.

Additionally, the Government states that Defendant's counsel is also representing him in the pending state court cases, for which he seeks materials from the Government. It notes that Defendant is likely in a better position to obtain the state-related discovery from the federal government, although it did not initiate the state-court prosecutions. Accordingly, the Government states that it will attempt to obtain relevant information from Dallas and Hunt counties for the pending offenses as well as additional information from Defendant's probation officer. If it obtains such materials, it will provide them to Defendant, "regardless of whether it is required to do so under Federal Rules of Criminal Procedure 26.2 or 32.1, or under [Defendant's] minimum due-process rights." Gov't's Resp. 5. Further, the Government states that it will provide Defendant with an exhibit list, copies of those exhibits, and a witness list in a reasonable time prior to the revocation hearing, or sooner if ordered by the court, but, beyond those requirements, it contends that Defendant has not shown his entitlement to any further "discovery."

As the Government notes, it has no obligation to provide the same breadth of discovery for a revocation hearing as it would be required to do for a trial, and Defendant has not provided any reason for the court to expand the Government's discovery obligations beyond what is required under federal law. Moreover, the court does not entertain boilerplate motions that seek nothing

more than to compel the Government to comply with its obligations under law. The Government is aware of its responsibilities as it relates to discovery in the context of a supervised-release revocation hearing, and the court expects the Government to comply. Notably, the Government has agreed to provide all discovery required, in addition to witness lists, prior to the hearing, and Defendant presents no argument that it will not adhere to its representation to the court. The court, therefore, determines that Defendant is not entitled to any additional discovery beyond what is required by federal law, and, accordingly, Defendant's Motion to Discover Evidence Favorable to Defendant (Doc. 19); Second Request for Specific Discovery (Doc. 20); and Motion for Witness List (Doc. 25) are **denied.**

### C.     Motion in Limine

Defendant's Motion in Limine (Doc. 21) seeks an order under Federal Rule of Evidence 404(b) "requiring the [G]overnment to provide the Defendant reasonable notice in advance of its intention to introduce, through testimony or otherwise, any evidence of past crimes, wrongs, or other acts by the Defendant." Def.'s Mot. in Limine 1. Specifically, he seeks an order prohibiting the Government from mentioning, alluding to, or referring to the following:

1. The Defendant being involved in the Tango Gang[;]
2. The Cell Phone Search Warrant and data extracted from [c]ell phone[;]
3. Any [t]attoo information pertaining to the Defendant being involved in a [g]ang[;]
4. The pending Hunt County charges of: Evading Arrest/Detention and Possession of Marijuana[;]
5. The pending Dallas County charges of: Manufacture Delivery CS PG1>=4G<200[,] Cause No. F[-]1949[4]21; Unlawful Carry of a Weapon[,] Cause No. M[-]1949694; Evading Arrest Detention[,] Cause No. [M-]1949692.

*Id.* at 2. Defendant also requests that the court enter an order setting conditions for release from custody.

The Government contends that Defendant's Motion in Limine is "wholly inapplicable because the Court will render decisions on both factual and legal matters." Gov't's Resp. 8. Specifically, it notes that Defendant is seeking an order prohibiting it from discussing the allegations at issue in this case. The Government also asserts that a motion in limine does not apply to a revocation hearing, as its purpose is to prohibit opposing counsel from introducing or mentioning highly prejudicial evidence in front of a jury at trial. *See id.* at 8-9. Additionally, it notes that Defendant's request for an order setting conditions of release only confuses the issues presented. Thus, the Government contends that the court should deny Defendant's Motion in Limine because it does not apply in a supervised-release revocation hearing.

The Government's point is well-taken. Notably, Defendant's Motion in Limine ignores black letter law that, other than the rules related to privilege, the Federal Rules of Evidence do not apply to revocation proceedings. Fed. R. Evid. 1101(d). Thus, Rule 404(b) does not apply, making Defendant's Motion in Limine meritless. The court, therefore, **denies** Defendant's Motion in Limine (Doc. 21).

Defendant also makes a single-sentence request in his Motion in Limine that the court issue an order setting conditions of release but provides no argument or evidence in support of that request. The court, therefore, **denies** Defendant's request for conditions of release.

D.   **Motion to Suppress**

Defendant's Motion to Suppress (Doc. 25) seeks to suppress, under the Fourth Amendment of the United States Constitution, the allegedly unlawful stop and detention, search and seizure, and any evidence discovered as a result, related to his pending Dallas County and Hunt County state charges. He also seeks a "hearing prior to trial" on this motion. Def.'s Mot. to Suppress 8.

In response, the Government again highlights that Defendant's Motion relies on the assumption that his trial rights and his rights at the supervised-release hearing are identical, which they are not. Additionally, it notes that the Fifth Circuit has "plainly held that a defendant's Fourth Amendment rights do not apply in supervised release cases." Gov't's Resp. 9. Specifically, it asserts the following:

> In *United States v. Montez*, the Fifth Circuit held, categorically, that "the exclusionary rule, absent a showing of harassment, does not apply to revocation of supervised release hearings." 952 F.2d 854, 857 (5th Cir. 1992). There, the defendant challenged the district court's rejection of his argument that cocaine at issue in his supervised release hearing that cocaine federal agents discovered should have been suppressed. *See id.* at 855. The Court rejected this argument, noting that it had "previously held 'that the exclusionary rule does not apply to probation revocation hearings absent police harassment of probationers.'" *Id.* at 857. In the Fifth Circuit's view, "excluding from such proceedings reliable evidence bearing on the [individual's] rehabilitation would contribute little to deterring constitutional violations while impeding society's interest in protecting itself against convicted criminals who have abused the liberty afforded them." *Id.* at 859 (citation and quotation marks omitted). Moreover, "[a]pplying the exclusionary rule to revocation proceedings would force officers to spend more time and energy amassing formally admissible evidence." *Id.* Thus, in the absence of harassment, the exclusionary rule does not apply in the supervised release context.

Gov't's Resp. 10. The Government contends that Defendant does not address this binding precedent, and, instead, argues that his Fourth Amendment rights are treated similar to those protected prior to a new trial. It further contends that *Montez* makes clear that this is not the case, and Defendant has not asserted any claims of police harassment and, thus, the exception does not apply. Accordingly, the Government asserts that Defendant cannot invoke his Fourth Amendment protections in this case. The court, therefore, should deny Defendant's motion to suppress as baseless.

The court agrees. It is well-settled that the exclusionary rule does not apply in supervised-release revocation proceedings. *United States v. Roberson*, 496 F. App'x 390, 395 (5th Cir. 2012) (citing *Montez*, 952 F.2d at 857). Moreover, Defendant's request for suppression relates to his pending state charges—not federal charges. Thus, any motion to suppress related to those charges should be filed in the appropriate state court, as the court does not have jurisdiction to suppress the state-related evidence as it relates to the pending trials in those matters. For these reasons, the court **denies** Defendant's Motion to Suppress (Doc. 22). Nothing in this order prohibits Defendant for filing his motions to suppress in the appropriate state courts.

### III.   Conclusion

For the reasons herein stated, the court **denies** Defendant's Motion to Quash Violations (Doc. 18); Motion to Discover Evidence Favorable to Defendant (Doc. 19); Second Request for Specific Discovery (Doc. 20); Motion in Limine: Other Crimes, Wrongs, Acts (Doc. 21); Motion to Suppress (Doc. 22); and Motion for a Witness List (Doc. 25). The court also **denies** Defendant's request for conditions of release, as requested in his Motion in Limine (Doc. 21).

**It is so ordered** this 23rd day of July, 2020.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge